Good morning. If I may, could I save two minutes for potential rebuttal? Yes. Thank you. If I may, I'm Stephen Gordon. I represent Mr. Amoah in this case. The facts in this case I think are pretty clear. The truck was coming down at 290 into the 190 intersection area. The car was traveling in the same direction on a westbound lane. And it's claimed in the defense that Mr. Amoah somehow lost control of his vehicle, veered suddenly in front of the truck, and hit the guardrail and then was hit by the truck. This is a summary judgment, and the burden is on McKinney, who I collectively defend, to establish the case in compliance with the rules that show there's no genuine issue of material fact. And in this case, there were errors committed in considering whether or not summary judgment should have been granted. First of all, the Melcher report was not verified under oath. And the recommendation clearly understood that the document or the testamentary type of material has to be verified under oath. And it's clear that the Melcher report was not verified under oath. And under the Circular Error case, the Hamilton and the Aguiar cases, the court is not permitted to consider non-verified material, especially where it's being submitted by the moving party. The next question, the next issue was whether McKinney was able to present and meet his burden of showing there were undisputed facts, and titling them as a matter of law, the summary judgment. The answer to that question is he did not, for several reasons. One, if you look at the factual information that was before the court, McKinney submitted in his statement of facts, the answers to interrogatories and Mr. O'Muller's PIP form, both of which stated that Mr. O'Muller was hit by the truck and thrown into the guardrail, or into the jersey barrier. The PIP form said that the truck swerved into him, hit him, he went into the guardrail. Before the court, when the recommendation was written, the judge had before him, the magistrate had before him, a copy of Mr. O'Muller's deposition, wherein he specifically said he felt a hit from behind, he heard a noise, he was catapulted across, and he hit the guardrail or hit the jersey barrier, and he lost consciousness after that. The defense position in this case was there was never any contact between the truck and the car until after the car bounced off the jersey barrier and went under the wheels of the truck. Based on those facts alone, or that standing, or that situation with the facts, there's a general issue of material fact on how this collision occurred. Who hit who, and did Mr. O'Muller, and how did the truck, or when did the truck come in contact with the car? Now, just taking that alone, summary judgment should have been denied. The problem came with the Melcher report that the magistrate took and essentially used to make a determination of who should win this case at trial. Finding that the Melcher report was well-reasoned, that the Melcher report had in it factual statements and factual conclusions, and expert conclusions based upon some determination of some sort of forensic evidence. There never was any forensic evidence before Melcher that he could rely on. And I studied the Peterson case that talked about in the Mass Appeals Court what an accident reconstruction report would look like and what it had to have in it, and none of those elements are present in the Melcher report. The other problem with the Melcher report was that it was not Daubert conforming. The report was based upon the Fox, excuse me, police report that had no forensic basis to it. It was just, he says, common sense. This is the way it must have happened. There were no skid marks, no yard marks, no gouge marks. There was nothing on which you could come to the conclusion without actually seeing it, and that was what the Peterson case said, and both the magistrate and the defendant rely on the Cronin case out of the Mass Appeals Court that says you can rely upon or you can consider the testimony of a police officer. Peterson said, no, that's no good anymore. After Daubert was decided, the officer has to either see it or be qualified as an accident reconstructionist to be able to testify as to how the collision occurred. Fox had none of those capabilities. So we then take Fox's testimony or Fox's report that Melcher incorporates into his report, his conclusions as to how the collision occurred, and what does he say? He says things like the car was speeding. The speed is never quantified anywhere, but he says the car was speeding past the truck, lost control, dived in front of the truck, hit the barrier, came off of the barrier and went under the truck. There was no forensic evidence that Fox had ever made that conclusion. But what's the plaintiff's evidence? The plaintiff's evidence was that he was traveling, or if you look at the deposition, you look at his PIP form and you look at the interrogatory that the defendant submitted, he says he was hit from behind, he heard a noise, was hit from behind, went into the Jersey barrier. His PIP form says the truck swerved into him and hit him and forced him into the Jersey barrier. The answer is the interrogatory says he was hit and he was thrown into the barrier. That's his basis of what he says happened. The Meltzer Report does not supersede the issue of whether there's a factual question of what occurred, because a jury, as I said in the paper, there's no higher standard given to an expert report over what the facts are than what the people testify to or what somebody says happened. You still have a conflict in the facts. You still have the Meltzer Report. What's the significance of the striking of the plaintiff's statement of facts? Then if you take that, if you take the plaintiff's statement out of there, then we go to the rule in the circuit that if there is no, that you look at the case with, let me back up, upon design you're going to have to file an opposition to a motion for summary judgment. And it throws the burden onto the moving party to meet all of the elements. And the defendants didn't do that. And if you look at the evidence that was all before the magistrate in the record, under the Carroll case and the Ford case, they have to look at everything that is before them and determine whether or not there's a genuine issue of material fact. And in this case, they had before him a moment's testimony, three cases of his testimony. And the judge should have looked at it and said, this is a situation where there's a dispute on how it happened. The magistrate went off on this determination on how credible the Meltzer Report was, picked and chose between parts of it that fit the defendant's theory of how the accident occurred. And it was the use of the Fox Report was just infectiously invalidated the entire report. What is your argument for the admissibility of the personal injury protection form, the PIP form? It's hearsay, right? Well, no. It's a statement of a party opponent, which the defendants submitted to the court. They put it in. There was no objection to it. Something that defendants put it in? Defendants put it in, in their statement of facts, as they also did Amoah's Ancestry Interrogatories, which were there. And then on our motion to strike, the Meltzer Report, there was also the deposition portions that were also mentioned in Meltzer Report. Now all I asked was about the PIP. Thank you. I was under the impression that the problem is that they struck all your experts, et cetera, and that you're alleging abuser discretion. Am I correct? That's part of my argument. Well, I would think that you would get to that before you finish, because I think that's the argument. Pardon me. You reserve some time. I'll try to deal with it in a minute. All right. Thank you, Your Honors. May it please the Court. My name is Matthew Wolnicki. I represent the appellees in this case. Your Honors hit on the key issue here. What is the plaintiff's evidence? The magistrate got it correct that the plaintiff had no evidence before him, and the only evidence before the magistrate led the magistrate to conclude the way the accident happened was the same way it was described in the defendant's statement of facts. There was no finding of causation that the truck hit the car before the car went into the barrier and then came back and hit the trailer portion. Could you just review what evidence the plaintiff had in the record that had to be considered from your perspective in resolving the summary judgment motion? From my perspective, Your Honor, the magistrate struck all of the plaintiff's statement of facts. Right. With that statement gone, does that mean there's no evidence? Correct, Your Honor. And it's kind of a late argument that the plaintiff is making here about the hearing and the noises. That was not raised at the summary judgment stage. In fact, that only appears for the first time in the reply brief. The issue about the PIP report, I believe, appears after the magistrate made his ruling as well. We would say it's not admissible evidence as well. And then also the interrogatory answers. We have to look at each one of them, too. The PIP statement only says that the truck came into the lane and hit the car. Moa's counsel specifically said that the PIP application was not filled out by Moa. When you look at the interrogatory answer, the interrogatory answer only says the truck struck the car. It doesn't describe how the truck struck the car, whether it was a rear-end collision or otherwise. I really would like to ask you, if you're going to cover this issue, since you don't have a rebuttal, I would like to have your views as to whether there was an abuse of discretion in disallowing all of this evidence. Yes, Your Honor, I will address that. You don't have to, but I think it's an important point as far as I'm concerned. No, and I plan on addressing that because I think that is the key issue. Because of Moa's arguments about the noises, the interrogatory answer, and the— The court's order, can it be interpreted in the way he's claiming it should be interpreted? Excuse me, Your Honor? The order of the court as to the discovery, the date of discovery, can it be interpreted in the way he's alleging? No, Your Honor, and I believe that argument actually has been waived. What happened here is after the defendants filed their summary judgment motions, the plaintiff realized, presumably, that they didn't have the experts. They filed their own motion. Then the plaintiff moved to extend the time period for disclosing experts and other discovery, looking for basically a redo of everything. And the court addressed it at that period of time and said that the court was not going to be enlarging the discovery period to allow for late experts. That order by the magistrate was never challenged or objected to the district court. Therefore, we think it's waived. When it came time to arguing in opposition to the motion to strike, we believe the magistrate got that right correctly. As we argue, there was severe prejudice here to the defendants. What happened was is the defendants filed their summary judgment motion after the plaintiff never had any experts disclosed. When the defendants got a reply to the summary judgment motion, that was the first time the plaintiffs disclosed their expert opinions. So the defendants had been prejudiced by going through the summary judgment process, didn't have an opportunity to take expert depositions, didn't have a chance to follow up with the experts. And it should be noted that the experts that were submitted by the plaintiff, one is what's called by itself a preliminary expert report. The other one is just simply a three-page letter. You have to take a look at those expert reports and see that they really don't get to the point the plaintiff is trying to make, that their argument is that the truck struck the car. The magistrate also looked at the prejudice to the court. Given the history of the litigation and the time it had taken to get to that point in the case, the many motions that were filed after the discovery deadline, to the point where the counsel for the MOA was sanctioned for doing baseless motions after the discovery deadline. So there was prejudice to the court. There was prejudice to the defendants. The history of litigation was there. The only factor that the magistrate found warranted considering or not precluding that plaintiff's expert would be their need. And the magistrate correctly realized that the plaintiff needed an expert in this case. And the reason why the plaintiff needs an expert in this case is because the plaintiff doesn't have the typical things you would have in a car accident, which would be an eyewitness, even of the plaintiff himself saying, I saw how the accident happened. You don't have a plaintiff here who can describe how the accident happened. The plaintiff specifically says in his testimony he didn't see the accident. He didn't even see the truck on the road in his rearview mirrors or otherwise at any point in time until the vehicles came to arrest later on. When the plaintiff suggests that it was the defendants that put in all this evidence that's going to help their case, there's nothing wrong with the defendants showing the inconsistencies and the way the argument about a rear-end collision emerged. What happened here is you have the PIP application, where the plaintiff's counsel admits that the plaintiff didn't sign or even fill it out. It was filled out by his relatives. You have that application that describes a side collision. Then you have the plaintiff's complaint. Then you have an interrogatory answer that just says the truck hit the car without describing what happened. Certainly defendants can point that out in their papers to show how there's no evidence that the rear-end collision happened as the plaintiff's counsel alleged for the first time in a motion to compel. Thank you. I do have a few more minutes left. I would just briefly like to touch back more on the preclusion argument because I do think the preclusion argument is what drives it here. It's an abuse of discretion standard. There's nothing in the magistrate's report that would suggest that he didn't consider something. There's nothing in the magistrate's report that would suggest that he improperly considered anything. The whole argument about him crediting Melcher to resolve disputed issues of fact, the magistrate specifically said, when we get rid of the Rule 56.1 purported statements of facts for not complying with the rule, that's enough to grant summary judgment in this case. Just so I'm understanding, that's because what remains after that struck is not enough. Correct. And just so I'm straight on what you think remains after that struck that has to be taken into account, is the PIMP report... No, Your Honor. When I say it has to be taken into account, I don't mean necessarily is against you. I'm just saying, what would you want to look at once you struck what was legitimately struck in order to make a sound summary judgment decision besides the Melcher report? What you look at is the defendant's statement of fact. And the defendant's statement of fact, which set forth places in the evidence where the... I thought that was what... there's the defendant's statement of fact. The defendant's statement of fact, yes. You remove the plaintiff's statement of fact... And there's just nothing else to look at in the case? Except for the Melcher report. You wouldn't look at the interrogatories? Well, you can look at the interrogatories for the purpose of showing how they're inconsistent with the rear-end collision theory and how they don't... Maybe I'm just... this is counterfactual, but suppose there was an interrogatory that, in the answer to the interrogatory, it 100% supported the plaintiff's version of what happened. Do you see what I'm saying? Correct. Okay, so that's there as an answer in the interrogatories. And this plaintiff's statement of fact was struck, and legitimately so. And you had the Melcher report. Correct. In a case like that on deciding summary judgment, would you look at both the Melcher report and the interrogatory, or would you just ignore the interrogatory notwithstanding its supported plaintiff's version of events? I think you would look to the interrogatory. Okay, so that's what I'm trying to figure out. What's in the record that one would want to look at to see whether given the obligation to consider those things as against the Melcher report that the district court had to consider? That's the interrogatories. What else? The PIP report. Do you see what I'm saying? I see what you're saying, Your Honor. I don't think you consider the PIP report except for showing that it's inconsistent with the allegation of a rear-end collision. Okay, but I think that means you consider it. You just think it helps you. Correct, Your Honor. Okay, so there's the PIP report. There's the PIP report. There's the interrogatories. There's the interrogatories. And just now, is there anything else? There is the deposition testimony of the driver of the truck. Okay, and then do you have a waiver argument with respect to whether plaintiff has, in its briefing to us, identified and made the case that what remains head after that's been struck? I do, Your Honor, and I do make the argument, Your Honor, that actually the interrogatories should not be considered as part of the plaintiff's case. The argument that he's making right now should not be considered because it appears for the first time after the magistrate ruled. It wasn't before the magistrate. So in arguing to the magistrate, he relied 100% on his plaintiff's statement of facts. On his plaintiff's statement of facts. And so once that struck, he had made no argument to the magistrate judge as to how he could win. Correct, Your Honor. So he can't, your view is he can't now go back and say, well, look at what's in the record that helps me because it's too late. Correct, Your Honor. And maybe if I can just finish my thought, please. Maybe I misspoke before. I think the interrogatory would apply if his statement of facts wasn't allowed. But because of the statements of facts were struck, you have to go on what his arguments are and not what he's trying to put in through arguments of counsel and saying that that is evidence. Because when you look at the record, the plaintiff says in his deposition testimony, he didn't see the accident, he didn't know how it happened. It's perfectly okay for the defense to show how he doesn't know how the accident happened and how the interrogatories do not help his case. And that does not make the interrogatory itself part of the defendant's statement of facts. And I hope I haven't confused you, but I'm not conceding the fact that by just including the interrogatory, we're treating that as part of the factual record here. What I'm saying is by addressing the fact that the interrogatory is vague, conclusory, and contradictory to the plaintiff's own testimony, I'm allowed to point that out without making that part of the factual record. It's sort of like saying I can point out the other side's arguments and how they are false, how they are incorrect, without adopting them expressly. And that's what we pointed out in our briefing. You've confused me a little bit. Okay. Do you have a case in support of your proposition that the district court has no obligation to independently review what's left of the record, whether or not the plaintiff argues for it? So the plaintiff argued on the basis of his statement of facts. That was struck. There's still stuff left in the record. You say he's waived the district court having to look at the remaining material. Do you have a case that supports that argument? Well, I believe, Your Honor, we cite in our briefs the cases that say that you have to make your best shot before the magistrate before you can re-raise it at the district court level. But I don't know if I have a case that expressly says that the magistrate can't look at the record, that it's before it just because the plaintiff hasn't argued it. My question is whether the magistrate is required to look at it, not whether he is prohibited from looking at it. I don't think the magistrate is required to look at it. I think you look at the local rules, and the local rules give the discretion to the magistrate, I believe. And I could be wrong, but I believe the local rules give discretion to the magistrate to actually get rid of the entire case, grant summary judgment, on the basis of a noncompliance. You don't think a local rule like that conflicts with the national rule? I'm saying I'm not aware of any case that requires the magistrate to look beyond the argument. Okay. And I can't argue otherwise. Just so I'm straight on what happened, did counsel below— I mean, the odd thing is if counsel below puts forward a statement of fact— Correct. Not thinking it's going to get struck, presumably. Correct. Okay, then it gets struck. That doesn't mean the—I mean, just practically speaking, it would be a little surprising if that means plaintiff means, oh, well, if that's struck, then all the evidence that I've adduced that helps me should be ignored. That seems to be the logic of your position. No, I don't— Then it's a pretty risky proposition to put together a statement of fact, then. Because if that gets struck, I've thrown out my entire case by definition. Whereas if I don't put forward the statement of fact, which you say there's no obligation to do, then I just sit back and I expect the magistrate judge to go rummage through everything and find what's good for me. I mean, it just doesn't seem to make— From the plaintiff's perspective, do you mean? Yeah. I mean, it's just an odd thing where the plaintiff is penalized because they tried to help the magistrate by putting together a statement of fact. I think I'm mixed up, Your Honor. It sounds to me like you're saying that if the plaintiff puts together a statement of fact— And it gets struck. And it gets struck. You say at that point the magistrate judge can't look at the record, or has no obligation to look at the record. Whereas if the plaintiff didn't put together a statement of fact, the magistrate judge presumably would have to look at the record. I see your point. If that's in the record as well. So I do agree with you. If it's in the record, the magistrate has the right to look at it. I'm not saying that the plaintiff should be penalized just because his statement of fact is struck. If it's not in the record already, the magistrate shouldn't look at it. You're right. That wouldn't be fair to the plaintiff. All right. Thank you, counsel. Thank you. I'm going to try to address the abuse of discretion question of the magistrate's role. In looking at the docket sheet and the entries, it was clear, at least to me, and I've been doing this more than six months. I hate to say that, but I've been at it reading a lot of docket entries. I mean, it just says, or canceling the deadline, which became then this determination that that was sort of the end of everything. It goes on to say the status conference was canceled, and it will be rescheduled after all pending motions are right. And there were a slew of outstanding discovery motions at that point in time, which I pointed out in the brief beginning at page 54 and then in the reply brief again at page 28. So the problem was, and I suggest that just a lawyer looking at that would not see that it stopped the discovery or it stopped him from doing what he had to do because it clearly anticipated that the status conference, the determination of what the status of the case is, is going to be rescheduled to determine whether or not there's any further discovery or what else has to be done. And I think I think it was a little bit draconian to read into it what he did with Mr. Mr. Young was was was operating the case. Now, the other question was, excuse me, for your brother, didn't your opponent inform you at some point that your interpretation of that was incorrect, that that in fact the deadline still applied? So I read somewhere. I don't remember. I don't recall that. And I wasn't necessarily there at the time. So I don't I don't remember that being done. I don't understand. I just don't know. You read your opponent's brief. He claims that that's so. And I think I addressed that in response. As I understood his response, he claimed that he was. It was prejudice to the defendant over over the fact that the disclosure was late of the expert. And the magistrate was based upon a dissent. And one of the cases that these elements should be considered in in in precluding an expert's testimony. And I was in the wood. I don't know which case it was, but he relied on that. But the fact of the matter is the cases that apply and under Rule 37C. And I cited those in my brief. The question is whether there is any substantial prejudice to the defendant or the opposing party. And if you read his entire brief and I went through his response in his brief beginning of page 28 of my of my response reply brief. There's no indication of any prejudice. He doesn't say anything. I needed a deposition. I wanted to propound further interrogatories about the experts. I wouldn't. In fact, what he doesn't say, I would not have filed a motion for summary judgment. If if I were going to come up with these experts, they knew about the experts because all of the experts met at the same time to examine the truck. So they knew about the experts. There's nothing in this. He was going to ask to extend any discovery or ask for the time to do anything. Or they suffered any prejudice in either preparing his is his motion for summary judgment. Or it's the cases talk about Rule 37 requires in the case of trial. Where was the prejudice from? From seeing these disclosures at the time you did in preparing for the trial, especially in the status of the case where the I hate to use the same word again. Status conference was going to be was going to be set up at a later date. The magistrate goes into this whole thing about, well, the dock is going to be delayed because we're going to be all these extensions and all these other things. But there was nothing in the record to support that. So I suggest my take on it was, as I set forth in the brief, that it was it was something it was abused to have to have precluded that. And we'll shut off the plaintiff in the rest of the case. That's that that was that's why I think it was way beyond what the case calls for and what the rule calls for, especially on the 37th. See, thank you very much.